UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY C TANNER,

    Petitioner,

    v.

KENNETH QUINN,

    Respondent.

Case No. C08-5233RBL/JKA

ORDER ON PENDING MOTIONS

This habeas corpus petition has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Before the court are petitioner's motion for copies or appointment of counsel (Dkt. # 11), and petitioner's motion for a 60 day extension of time to file an "informal brief" (Dkt. # 12).

The procedural history of the case is germane to the court's ruling on these motions. This petition was filed by Mr. Tanner on April 16, 2008 (Dkt. # 1). On April 23, 2008, the clerk's office sent petitioner a letter informing him he needed to provide additional information with regarding to his application to proceed in forma pauperis (Dkt. # 2). The letter also informed the petitioner he needed to provide copies of his petition for service. The clerk's office stated:

ORDER
Page - 1

> In sufficient number of copies of the complaint/petition for service on all defendants. ***The Clerk's office will not make copies of the complaint/petition for service***. If photocopying is not available, either carbon or handwritten copies may be submitted. All copies must be legible. ***<u>The copies must be identical, including any attached exhibits.</u>***

(Dkt. # 2, emphasis in original). The letter gave petitioner until May 26, 2008, to make the needed corrections to his action. Petitioner did not provide any service copies.

In June on 2008, the court entered a Report and Recommendation that *in forma pauperis* status be denied. Petitioner had an average spendable balance of over forty dollars a month (Dkt. # 7). The Order adopting that Report and Recommendation gave petitioner until July 28, 2008, to pay the filing fee (Dkt. # 8). On September 2, 2008, the filing fee was paid and this action was again referred to this court.

On September 15, 2008, the court entered an order giving petitioner until October 17, 2008, to provide service documents (Dkt. # 10). Petitioner was specifically informed that failure to provide the documents would result in a Report and Recommendation that the action be "dismissed for failure to prosecute." (Dkt # 10).

Petitioner has not complied with the court's order and instead filed the motions now before the court. The first motion is titled "A copies of states motions and what this is my criminal case or what? Ask for counsel." (Dkt. # 11). The sum total of the motion states "Could a copies of states brief and let me know whats [sic] going on I take lots of medication ans its hard to remember, things. Please take under consideration counsel attorney. Thank you for consideration." (Dkt. # 11).

The state has not filed any briefs in this petition because the petition has not yet been served. The petition has not been served because petitioner has failed to comply with an April letter from the clerk's office requesting service copies. Further, the petitioner has failed to comply with a court order to provide service copies. Petitioner's motion for copies is **DENIED**.

Petitioner's motion for counsel is also **DENIED**. There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required, because the action is civil, not criminal, in nature. <u>See</u> <u>Terravona v. Kincheloe</u>, 852 F.2d 424, 429 (9th Cir. 1988); <u>Brown v. Vasquez</u>, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. An evidentiary hearing has not been granted in this case.

Petitioner's other motion asks for a 60 day extension of time to file an "informal brief." (Dkt. # 12). The motion is **DENIED.** Petitioner has had six months to provide two copies of his thirty three page

1 petition so the petition could be served.  Petitioner has failed to comply with the court's order to provide
2 service documents.  A Report and Recommendation to dismiss the petition for failure to prosecute will be
3 submitted separately.
4     The Clerk is directed to mail a copy of this Order to plaintiff.

DATED this 28 day of October, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge